UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA A. NICHOLS,<br><br>        Plaintiff,<br><br>        v.<br><br>ERIC H. HOLDER, JR., Attorney<br>General of the United States,<br><br>        and<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>        Defendants. | Civil Action 11-910 (RCL) |

MEMORANDUM OPINION

        Plaintiff Barbara A. Nichols, proceeding pro se, brings this action against Eric H. Holder, Jr., Attorney General of the United States, and the United States Equal Employment Opportunity Commission. In a 140-page complaint, Nichols alleges that she was subjected to discrimination on the basis of her race while employed at the Bureau of Alcohol, Tobacco, Firearms, and Explosives in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and that the EEOC mishandled two complaints that she filed with the Commission. Before the Court is defendants' motion to dismiss the complaint [Dkt. # 4] for failure to make "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and to comply with the rule that "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). In the alternative, defendants move to dismiss the claims against the EEOC on the grounds that this Court has no subject matter jurisdiction to hear those claims and Nichols has no private right of action to bring them. Upon

consideration of the motion, the opposition thereto, and the record of this case, the Court concludes that the motion must be granted.

## I. BACKGROUND

In her complaint, Nichols states that from 1977 to 2007 she was employed by the agency now known as the Bureau of Alcohol, Tobacco, Firearms, and Explosives and now located within the United States Department of Justice. Compl. ¶¶ 5–6. In 2000, she filed an administrative complaint alleging employment discrimination in violation of Title VII. *Nichols v. Truscott*, 424 F. Supp. 2d 124, 130 (D.D.C. 2006). Her complaint was investigated; after a three-day hearing an EEOC administrative law judge found no discrimination. *Id.* The Department of Justice adopted the decision of the administrative law judge, and Nichols brought suit in federal district court. The district court dismissed certain claims because Nichols had not exhausted her administrative remedies, *id.* at 133–35, and entered summary judgment against her on the remaining claims. *Id.* at 135–43.

Nichols filed a second administrative complaint in 2006, again alleging employment discrimination in violation of Title VII. Compl. ¶¶ 55–58. In addition to making new allegations, Nichols "restate[d] the issues involving years 1996–1999," which she had "raised in her 2000 complaint" but now asserted "were never adjudicated." *Id.* ¶ 57. The complaint was investigated, *id.* ¶¶ 137–77, but no hearing was held. *Id.* ¶ 182. Instead, an administrative law judge entered summary judgment against Nichols. *Id.* ¶ 183. The Department of Justice adopted that decision, *id.* ¶ 190, and Nichols appealed to the Director of the EEOC Office of Federal Operations, who affirmed it. *Id.* ¶¶ 203–04. After her motion for reconsideration was denied, *id.* ¶ 220, Nichols brought this action.

## II. ANALYSIS

**A. Nichols Cannot Sue the EEOC for Mishandling Her Complaint**

Defendants argue that Nichols cannot sue the EEOC for mishandling her administrative complaint. They are correct. "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam). Because "no cause of action against the EEOC exists for challenges to its processing of a claim," such a challenge is "properly dismissed . . . for failure to state a claim upon which relief can be granted." *Id.* This Court therefore does so.

**B. Nichols's Complaint Violates Rule 8**

Defendants next argue that the length and incoherence of Nichols's complaint violates Federal Rule of Civil Procedure 8 and precludes them from preparing an appropriate response to her remaining claims. Memo. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Memo.") at 4. In her opposition and sur-reply, leave to file which is hereby granted, Nichols reiterates her substantive allegations without addressing defendants' argument that she has presented them in an impermissibly garbled and inflated form. Defendants' arguments are well-taken and their motion will be granted.

Rule 8(a)(2) provides that any pleading asserting a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). As the Second Circuit has explained:

> The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1281, at 365 (1969)) (citations omitted); *see also Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (quoting *Salahuddin*, 861 F.2d at 42 (quoting 5 WRIGHT & MILLER § 1281, at 365)); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) ("The purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether res judicata is applicable."). Moreover, Rule 8(d)(1) requires the allegations supporting that claim to be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together," these rules "underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky*, 355 F.3d at 669 (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996)) (quoting 5 WRIGHT & MILLER § 1217, at 169 (2d ed. 1990)) (referring to a superseded version of Rule 8). Their enforcement "is largely a matter for the trial court's discretion; Rule 41(b) authorizes the court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules." *Id.* (citation omitted).

Far from being a collection of simple, concise, and direct allegations supporting short and plain statements of each claim, Nichols's complaint is "prolix, redundant, bloated with unnecessary detail, and full of vituperative charges." *Unfoldment, Inc. v. District of Columbia*, 2007 WL 3125236, at *1 (D.D.C. Oct. 24, 2007). "The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Id.* at *2 (quoting *Brown*, 75 F.R.D. at 499). In 385 paragraphs spread over 140 pages, Nichols describes the manner in which the EEOC, which is not a proper party to her suit, has handled her allegations. She lists the dates and times of most every event associated with her administrative hearing, states the postage paid on a variety of packages, and describes the affect of several administrative law judges. She

4

musters this confounding detail in an attempt to show that the Department of Justice and the EEOC were engaged in an elaborate conspiracy "to preclude and prevent plaintiff from revealing the prohibited employment practices that occurred." Compl. ¶ 52(b).

Moreover, it appears that some of those alleged practices were already the subject of an earlier suit. For instance, Nichols alleges that "co-workers remov[ed] her sweaty bra from her gym bag and spread[] it across [her] computer keyboard" and "cut[] her radio headset cord into three parts." Compl. ¶ 228(b). Nichols raised these allegations before, *see Nichols*, 424 F. Supp. 2d at 139, but the district court found that she had "failed to establish any relation between the alleged harassment and [her] membership in a protected class." *Id.* at 140. Much of Nichols's current complaint appears to be an attempt to re-litigate her earlier case. The deficiences of her pleading, however, make it impossible for the Court to determine the extent to which her current claims are barred.

In addition to her hazy conspiracy theory and potentially barred claims, Nichols clearly intends to assert a viable Title VII claim: that her former employer discriminated against her on the basis of race in reassigning her from Washington, DC to Martinsburg, WV. *See, e.g.*, Compl. ¶¶ 80, 82. She may also intend to assert other viable claims. This Court stands ready to adjudicate them, but it cannot decipher Nichols's allegations in their present form. Because Nichols's complaint omits the required "short and plain statement" of her claims, FED. R. CIV. P. 8(a)(2), and because her allegations are far from "simple, concise, and direct" as they "must be," FED. R. CIV. P. 8(d)(1), the portions of her complaint alleging employment discrimination rather than the mishandling of her administrative complaint are dismissed without prejudice.

### III. CONCLUSION

The Court concludes by summarizing its holdings. First, the law does not allow Nichols to sue the EEOC for mishandling her claims of employment discrimination. The Court therefore dismisses her claims against the EEOC with prejudice, which means that she may not raise them again. Second, the law requires that her complaint include a "short and plain statement" establishing that she is entitled to relief, and that the underlying allegations be "simple, concise, and direct." The current complaint does not meet these requirements, and the Court therefore dismisses Nichols's remaining claims without prejudice. She is free to seek leave to file a revised complaint presenting her remaining allegations of employment discrimination in a comprehensible fashion. The Court, however, wishes to emphasize that Nichols may not reassert claims that were already adjudicated in her earlier suit, even if she is dissatisfied with the outcome of that litigation. Her revised complaint, should she choose to file one, should include only claims against the Attorney General that have not already been adjudicated by the federal courts.

For the reasons discussed at greater length above, it is this 14th day of December hereby

**ORDERED** that defendants' motion to dismiss all claims against the EEOC is **GRANTED** and those claims **DISMISSED** with prejudice; and further

**ORDERED** that defendants' motion to dismiss the complaint for failure to comply with Rule 8 is **GRANTED** and the remaining claims **DISMISSED** without prejudice. An appropriate judgment accompanies this memorandum opinion.

Royce C. Lamberth
Chief Judge
United States District Court
for the District of Columbia