UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARBARA NICHOLS,<br><br>　　　　Plaintiff, *pro se*<br><br>　　v.<br><br>ERIC H. HOLDER, Attorney General,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 11-910 (RCL)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

In her Revised Complaint, ECF No. 22, plaintiff Barbara Nichols asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* arising out of her employment at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Defendant Attorney General Eric Holder has moved to dismiss this complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, to strike the revised complaint under Fed. R. Civ. P. 12(f). Def.'s Mot., ECF No. 25. The Court will grant the Attorney General's motion and will dismiss Ms. Nichols' revised complaint with prejudice.

**I.　　BACKGROUND**

　　**A. Factual Background**

For about 30 years, Ms. Nichols (an African-American female) worked for the ATF, an agency now located within the Department of Justice ("DOJ"). *See Nichols v. Holder ("Nichols II")*, 828 F. Supp. 2d 250, 252 (D.D.C. 2011); Pl.'s Rev. Compl. ¶ 2, ECF No. 22. For a time, she worked at the Firearms and Explosives Operations Branch of ATF in Washington, D.C.. *Id*. ¶ 4. At some point, she was reassigned to the Firearms and Explosive Services Division

("FESD").[1]  That branch of ATF was relocated from Washington D.C. to Martinsburg, West Virginia beginning in 2005.  Rev. Compl. ¶ 29; *see also Nichols v. Truscott ("Nichols I")*, 424 F. Supp. 2d 124, 129 (D.D.C. 2006).  Ms. Nichols stopped working for ATF in 2007.

### B. Procedural Background

#### 1. *Nichols I*

This is Ms. Nichols' second employment discrimination action against ATF.  In 2000, Ms. Nichols filed an administrative complaint alleging employment discrimination in violation of Title VII.  *See Nichols II*, 828 F. Supp. 2d at 252.  After a three-day hearing, an EEOC administrative law judge found no discrimination.  *Id.*  Ms. Nichols brought suit in federal court, alleging "myriad instances of harassment and abuse by [her] supervisors and coworkers," and pursuing relief against her employer based on numerous theories, including sex and race discrimination, defamation, hostile work environment, gross mismanagement, retaliation, and negligence.  *Nichols I*, 424 F. Supp. 2d at 131.  Her claims were based on: (1) the assignment of "menial or inconsequential duties"; (2) denial of promotions; (3) denial of recognition for her accomplishments; (4) abusive behavior by coworkers; (5) failure to address her complaints; (6) general complaints about favorable treatment afforded to her coworkers, including several African-American females; and (7) general criticisms of the "poor judgment and inadequate work performance" of her coworkers and superiors.  *Id.* at 130.  She also sought injunctive relief regarding ATF's decision to relocate her department to West Virginia, which she claimed was motivated by a desire to "isolate troublesome African-American employees in the FEIB, and either to force them out of employment with the agency or to remove them to the . . . office in West Virginia."  *Id.* at 143.

---

[1] Formerly referred to as the "Firearms, Explosives, and Arson Services Division" or "FEAS."  *See Nichols I*, 424 F. Supp. 2d at 129 n.3.

Judge Friedman rejected all of Ms. Nichols' claims. Most failed because she had not exhausted administrative remedies as required under Title VII and the Federal Tort Claims Act. *Id.* 134–35. The only properly exhausted discrimination claims were based on six allegations stated in her 2000 EEOC complaint: (1) the denial of her request for detail assignments between 1996 and 1999; (2) the assignment of "tedious work" during that period; (3) the denial of the opportunity to serve as acting Branch Chief during that period; (4) the denial of special recognition and monetary awards for her work accomplishments during that period; (5) that management permitted a coworker to "tamper with the office time log to give the appearance that plaintiff was absent" on March 7, 2000; and (6) derogatory comments made by coworkers between 1996 and 2002. *Id.* at 134. However, Judge Friedman concluded that none of these exhausted claims could support a *prima facie* case of sex or race discrimination "either because they [did] not constitute adverse employment actions or because . . . plaintiff . . . introduced no evidence that would support an inference of discrimination." *Id.* at 136. Judge Friedman also concluded that Ms. Nichols failed to state a *prima facie* hostile workplace claim because she failed to demonstrate a "any relation between the alleged harassment and plaintiff's membership in a protected class," *Id.* at 140, and failed to state a *prima facie* retaliation claim because she "failed to demonstrate a causal connection between the harassment in question and her protected activity." *Id.* at 141. As to her claims for injunctive relief regarding the relocation of FESD to West Virginia, Judge Friedman held that Ms. Nichols "has produced neither evidence nor even specific factual allegations (beyond the mere fact that [FESD] is being relocated) to support *any* aspect of her theory" that the relocation was discriminatory, and noted that "defendant has proferred legitimate nondiscriminatory reasons for its action: by relocating [FESD], it intends to

3

centralize the ATF's firearms processing functions in a single location . . . . and upgrade from the division's current, inadequate office space." *Id.* at 143. Accordingly, the claim was rejected.

### 2. *Nichols II*

Ms. Nichols filed a second EEOC complaint in 2006, again alleging employment discrimination in violation of Title VII. *Nichols II*, 828 F. Supp. 2d at 252. She raised new allegations and restated previously adjudicated issues from 1996–1999. *Id.* Her complaint was dismissed by an EEOC Administrative Law Judge, whose decision was affirmed on appeal by DOJ and the Director of the EEOC Office of Federal Operations. *Id.* Ms. Nichols again filed suit in federal court, naming both the Attorney General and the EEOC as defendants. *Id.* at 250–51. Her 140-page complaint alleged race discrimination in violation of Title VII and that EEOC had "mishandled" her two complaints. *Id.* at 251.

This Court rejected her claims. Claims against EEOC failed because "no cause of action against the EEOC exists for challenges to its processing of a claim." *Id.* at 252 (quoting *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)). The Court dismissed Ms. Nichols' other claims without prejudice, finding that her 140-page complaint violated Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 253. The Court noted:

> In addition to [a] hazy conspiracy theory and potentially barred claims, Nichols clearly intends to assert a viable Title VII claim: that her former employer discriminated against her on the basis of race in reassigning her from Washington, DC to Martinsburg, WV . . . She may also intend to assert other viable claims. This Court stands ready to adjudicate them, but it cannot decipher Nichols' allegations in their present form.

*Id.* The Court also took care to caution Ms. Nichols about res judicata, warning that, if she chose to file a revised complaint, she "may not reassert claims that were already adjudicated in her earlier suit, even if she is dissatisfied with the outcome of that litigation." *Id.* at 254.

4

### 3. The Revised Complaint

Pursuant to the Court's suggestion, and without objection from the defendant, Ms. Nichols filed a revised complaint in December 2012, naming the Attorney General as the sole defendant. Rev. Compl. Her 25-page revised complaint contains counts based on a variety of legal theories: employment discrimination, "Disparaging Treatment," harassment, hostile workplace, retaliation, and "Reprisal." *See* Rev. Compl. Ms. Nichols points to the following six categories of facts in support of her claims: (1) assignment of menial or inconsequential work, Rev. Compl. ¶¶ 12–15; (2) abusive behavior by coworkers and supervisors, *id.* ¶¶ 13, 23, 35–37, 39, 42–45; (3) promotions and career advancements given to other employees, including a Hispanic male, *id.* ¶¶ 16–17, 23–25, 38, Black females, *id.* ¶ 22, and Caucasians, *id.* ¶¶ 18, 20, 41–44, but not her, *id.* ¶¶ 10–12, 17–18, 24–25, 38–41; (4) a "constructive discharge" that resulted from her being forced to work in Martinsburg, West Virginia, instead of Washington DC, *id.* ¶¶ 27–30, 31–34, 48–53, 56–59, 63; (5) that the EEOC mishandled her complaints, *id.* ¶¶ 69–85; and (6) general allegations of mismanagement by her former employer, *id.* ¶ 19.

The Attorney General has moved to dismiss or strike the revised complaint for (again) failing to provide a "short and plain" statement pursuant to Rule 8, and in the alternative, based on res judicata. Def.'s Mot., ECF No. 25.

## II. ANALYSIS

### A. Res Judicata Bars Most of Ms. Nichols' Claims

The Court finds that many of the allegations presented in Ms. Nichols' revised complaint are barred by res judicata. "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "Under the doctrine of claim preclusion, a final judgment forecloses

'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Claim preclusion bars a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Porter v. Shah*, 606 F.3d 809, 813 (D.C. Cir. 2010). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. at 748–749). "By 'precluding parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)).

The revised complaint is sufficiently clear to allow the Court to find that some of the claims stated therein fail under res judicata.[2] In 2006, Judge Friedman dismissed several of Ms. Nichols' claims for failure to state a *prima facie* case, or for failure to rebut the evidence of nondiscriminatory purpose introduced by defendant.[3] Claims dismissed in this manner include claims that were based on the assignment of "tedious work," the denial of special recognition and monetary awards for her work accomplishments, and derogatory comments made by coworkers.

---

[2] Particularly so given the fact that the Court issued a word of caution to plaintiff on the subject of avoiding duplicative pleadings at the end of its last opinion. *See Nichols II*, 828 F. Supp. 2d at 254.

[3] Judge Friedman also dismissed some of Ms. Nichols' claims in 2006 for failure to exhaust administrative remedies. *Nichols I*, 424 F. Supp. 2d at 134-35. These dismissed claims will not have any claim preclusive effect here, as they not constitute final, valid judgments on the merits. *See Murthy v. Vilsack,* 609 F.3d 460, 466 (D.C. Cir. 2010).

*Nichols I*, 424 F. Supp. 2d at 134.  Ms. Nichols' revised complaint also states claims based on the assignment of menial or inconsequential work, abusive behavior by coworkers and supervisors, and promotions and career advancements given to other employees instead of her—all apparently from the same time period.  These claims appear to be identical to claims that were rejected by Judge Friedman in 2006.  Accordingly, these claims are barred by claim preclusion and will be dismissed.

Ms. Nichols' claims regarding her "constructive discharge" arising from her reassignment to West Virginia will not be claim precluded, but will be issue precluded.  *See* Rev. Compl. ¶¶ 27–30, 31–34, 48–53, 56–59, 63.  In the previous case, Ms. Nichols had not yet stopped working for ATF, and so she was seeking an injunction to either prevent ATF from proceeding with the relocation of the department to West Virginia or to allow her to be reassigned to another department.  Judge Friedman rejected both requests.  *Nichols I*, 424 F. Supp. 2d at 143.  Her claim in the present matter is not identical to the 2006 claim—she does not seek to enjoin ATF, but rather seeks damages based on her "constructive discharge" that resulted from this allegedly discriminatory relocation—and thus is not amenable to claim preclusion. *Porter*, 606 F.3d at 813.  In addressing the related claim in 2006, the Court found that Ms. Nichols failed to demonstrate discriminatory purpose behind the ATF's relocation of this department, and failed to rebut defendants' proffer of a nondiscriminatory reason.  *Nichols I*, 424 F. Supp. 2d at 143 (finding that Ms. Nichols "produced neither evidence nor even specific factual allegations (beyond the mere fact that [FESD] is being relocated) to support any aspect of her theory" that the relocation of the office was discriminatory, and noted that "defendant has proffered legitimate nondiscriminatory reasons for its action: by relocating [FESD], it intends to centralize the ATF's firearms processing functions in a single location . . . . and upgrade from the

division's current, inadequate office space."). Although her claim in the present action is not identical to the previous one, Judge Friedman's finding regarding the issue of discriminatory purpose behind this relocation constitutes an "issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" which Ms. Nichols is precluded from pursuing again here. *See Taylor*, 553 U.S. at 892. Because Ms. Nichols related claims in the present action can only succeed if she demonstrates the discriminatory purpose behind the relocation, and because she is precluded from pursuing that issue again, her claim will be dismissed.

### B. Ms. Nichols' Remaining Unbarred Claims Also Fail

Ms. Nichols' claims based on the alleged mishandling of her complaints by EEOC, *see* Rev. Compl. ¶¶ 69–85, were rejected by this Court in *Nichols II*, since there is no such cause of action against the EEOC. 828 F. Supp. 2d at 252. These claims are dismissed here for the same reason.

Finally, Ms. Nichols' complaints about mismanagement by her employer fail to state a cognizable claim under Title VII. As Judge Friedman noted in 2006:

> It is clear from all of plaintiff's filings in this case that she believes her workplace to be poorly managed and captive to persons of domineering and unpleasant personalities, and that she believes herself to be the object of persistent and undeserved harassment. Title VII, however, was enacted to redress *discrimination* . . . in employment, rather than to ensure that the American workplace would remain free from poor management or harassment of all kinds, no matter how motivated. . . . Plaintiff's claims simply do not fall within the scope of Title VII . . . .

*Nichols I*, 424 F. Supp. 2d at 143–44. These claims fail for the same reason now, and will be dismissed.

### III.   CONCLUSION

Ms. Nichols has enjoyed numerous opportunities to present her claims in federal court. In her first action, she filed a complaint, an amended complaint, and a second amended complaint.  *See* Docket, *Nichols v. Truscott*, 03-cv-1831.  In this action, she filed a complaint and the revised complaint at issue here.  *See* Docket, *Nichols v. Holder*, 11-910.  Finding that "the allegation of other facts consistent with the [Ms. Nichols' claims] could not possibly cure the deficiency," this Court will now dismiss Ms. Nichols' revised complaint WITH PREJUDICE. *See Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996) (per curiam).

An Order shall issue with this opinion.

Signed by Royce C. Lamberth, Chief Judge, on April 11, 2013.